129 Nev., Advance Opinion 39

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: ANA J. FOX, DEBTOR.

No. 59396

YVETTE WEINSTEIN, CHAPTER 7
TRUSTEE,
Appellant,
vs.
ANA J. FOX,
Respondent.

**FILED**

MAY 30 2013

Certified question, pursuant to NRAP 5, regarding permissible exemptions under NRS 21.090 for property belonging not only to the judgment debtor but also to her non-debtor spouse. United States Bankruptcy Appellate Panel of the Ninth Circuit.

*Question answered.*

Sullivan, Hill, Lewin, Rez & Engel and Elizabeth E. Stephens, Las Vegas, for Appellant.

Ana J. Fox, Las Vegas,
in Proper Person.

Law Offices of Amy N. Tirre, P.C., and Amy N. Tirre, Reno; Lewis & Roca, LLP, and Laury M. Macauley, Reno,
for Amicus Curiae Bankruptcy Law Section of the State Bar of Nevada.

BEFORE THE COURT EN BANC.

13-15875

*OPINION*

By the Court, CHERRY, J.:

The United States Bankruptcy Appellate Panel of the Ninth Circuit has certified a question of law to this court relating to permissible exemptions claimed by judgment debtors under Nevada's exemption statute, NRS 21.090. In particular, the certified question asks, "[i]n Nevada, may a judgment debtor claim exemptions under NRS 21.090 belonging not only to herself, but also to her non-debtor spouse?" In the bankruptcy case, however, only two types of exemptions are at issue: the exemption under NRS 21.090(1)(f) for motor vehicles and the exemption under NRS 21.090(1)(z) for up to $1,000 of property not already exempted, which is known as the "wildcard exemption." *See In re Newman*, 487 B.R. 193, 196 (B.A.P. 9th Cir. 2013). Thus, we focus on whether the motor vehicle and wildcard exemptions may be claimed on behalf of a non-debtor spouse. *See* NRS 21.090(1)(f) and (z); *In re Fontainebleau Las Vegas Holdings, LLC*, 128 Nev. ___, ___, 289 P.3d 1199, 1209 (2012) (rephrasing certified questions under NRAP 5). We adopt the plain language rationale embraced by the United States Bankruptcy Court for the District of Idaho in *In re DeHaan*, 275 B.R. 375 (Bankr. D. Idaho 2002), and conclude that, based on NRS 21.090(1)(f) and (z)'s plain language, Nevada law does not allow debtors to claim motor vehicle and wildcard exemptions on behalf of their non-debtor spouses.

## FACTS AND PROCEDURAL HISTORY

In May 2010, respondent Ana Fox filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Fox's spouse did not join in the bankruptcy petition and did not file a separate petition for relief. Nevertheless, under bankruptcy law, the bankruptcy estate

SUPREME COURT
OF
NEVADA

(O) 1947A

includes all of the marital community property, in addition to Fox's separate property. 11 U.S.C. 541(a)(2); NRS 123.225; NRS 123.230. Out of the bankruptcy estate, Fox claimed exemptions for two motor vehicles under NRS 21.090(1)(f) and property worth over $1,400 under NRS 21.090(1)(z). Both the vehicles and the other assets claimed as exemptions were community property.

The Chapter 7 Trustee, appellant Yvette Weinstein, filed an objection on the grounds that a debtor spouse may exempt only a single vehicle and property worth no more than $1,000 under NRS 21.090(1)(f) and (z) and a non-debtor spouse has no right to claim any exemptions in a debtor spouse's bankruptcy. Fox filed a response to the Trustee's objection, arguing that a debtor spouse may claim exemptions under NRS 21.090(1)(f) and (z) on behalf of a non-debtor spouse.

After a hearing, the United States Bankruptcy Court for the District of Nevada entered an order overruling the Trustee's objection. The court found that Nevada law allows a debtor to claim motor vehicle and wildcard exemptions on behalf of a non-debtor spouse, which, in effect, doubled Fox's exemptions. The Trustee timely appealed to the United States Bankruptcy Appellate Panel of the Ninth Circuit. Because Nevada has opted out of the federal exemption scheme, Nevada's judgment debtor exemption law applies, 11 U.S.C. 522(b); NRS 21.090(3), and the Bankruptcy Appellate Panel has sought a ruling from this court regarding whether, under Nevada law, judgment debtors are allowed to claim exemptions on behalf of non-debtor spouses. In particular, it requests a definitive construction of Nevada's motor vehicle and wildcard exemption provisions, NRS 21.090(1)(f) and (z). The Bankruptcy Appellate Panel

stayed the proceedings before it until our resolution of the certified question.[1]

We have decided to consider the certified question. *See* NRAP 5(a); *Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 750-51, 137 P.3d 1161, 1164 (2006) (in determining whether to exercise its discretion to consider certified questions, this court looks to whether the "answers may 'be determinative' of part of the federal case, there is no controlling [Nevada] precedent, and the answer will help settle important questions of law" (quoting *Ventura Grp. Ventures, Inc. v. Ventura Port Dist.*, 16 P.3d 717, 719 (Cal. 2001))).

## DISCUSSION

The Nevada Constitution provides that "[t]he privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for payment of any debts or liabilities . . . ." Nev. Const. art. 1, § 14; *see Bero-Wachs v. Law Office of Logar & Pulver*, 123 Nev. 71, 75-76, 157 P.3d 704, 707 (2007). Nevada's "Legislature enacted what is now NRS 21.090 to fulfill the mandate set forth in Nevada's Constitution." *Savage v. Pierson*, 123 Nev. 86, 90, 157 P.3d 697, 700 (2007). "The legislative purpose of NRS 21.090 is 'to secure to the debtor the necessary means of gaining a livelihood, while doing as little injury as possible to the creditor.'" *In re Galvez*, 115 Nev. 417, 419, 990 P.2d 187, 188 (1999) (quoting *Krieg v. Fellows*, 21 Nev. 307, 310, 30 P. 994, 995 (1892)), *superseded by statute on other grounds as stated in In re Christensen*, 122

---

[1]The Bankruptcy Law Section of the State Bar of Nevada filed an amicus curiae brief addressing the divergent views of debtors, creditors, and trustees.

Nev. 1309, 1320, 149 P.3d 40, 47 (2006); *see Savage*, 123 Nev. at 90, 157 P.3d at 700 ("the exemptions set forth in NRS 21.090 are 'absolute and unqualified,' with few exceptions, 'and [their] effect is to remove the property beyond the reach of legal process'" (alteration in original) (quoting *Elder v. Williams*, 16 Nev. 416, 423 (1882))); *Sportsco Enters. v. Morris*, 112 Nev. 625, 630, 917 P.2d 934, 936 (1996) ("In NRS 21.090, the Legislature provided express exemptions from execution for some property interests.").

NRS 21.090(1) states, in relevant part, that "[t]he following property is exempt from execution, except as otherwise specifically provided in this section or required by federal law:

. . . .

(f) Except as otherwise provided in paragraph (p),[2] one vehicle if the *judgment debtor's* equity does not exceed $15,000 or the creditor is paid an amount equal to any excess above that equity.

. . . .

(z) Any personal property not otherwise exempt from execution pursuant to this subsection belonging to the *judgment debtor*, including, without limitation, the *judgment debtor's* equity in any property, money, stocks, bonds or other funds on deposit with a financial institution, not to exceed $1,000 in total value, to be selected by the judgment debtor.

(Emphases added).

---

[2]NRS 21.090(1)(p) does not apply in the instant matter, as it pertains to a motor vehicle "for a person with a permanent disability."

We have yet to address whether a judgment debtor may claim Nevada's motor vehicle and wildcard exemptions on behalf of her non-debtor spouse. Before examining whether Nevada's personal property exemptions could be claimed by a debtor on behalf of a non-debtor spouse, we turn to the United States Bankruptcy Court for the District of Idaho, which recently addressed the identical question under Idaho law. *In re DeHaan*, 275 B.R. 375 (Bankr. D. Idaho 2002). The bankruptcy court concluded that the Idaho exemption scheme did not allow a debtor to claim a second set of personal property exemptions on behalf of a non-filing spouse. *Id.* at 381-82. Focusing on the language of the applicable state exemption statute, the court held that "[t]he plain language speaks to the right of the 'individual' debtor to claim exemptions within the relevant monetary limits. It does not purport to authorize such a debtor to claim a second set of like exemptions for another individual (*i.e.*, his spouse)." *Id.* at 382; *see* Idaho Code Ann. § 11-605(3), (10) (2010) (an "individual" debtor can claim personal property exemptions under Idaho's personal property exemptions).

In Nevada, we likewise concentrate on the plain language of statutes when examining issues of statutory construction. *J.E. Dunn Nw., Inc. v. Corus Constr. Venture, LLC*, 127 Nev. ___, ___, 249 P.3d 501, 505 (2011) ("[w]hen the language . . . is clear on its face, 'this court will not go beyond [the] statute's plain language'" (second alteration in original) (quoting *Great Basin Water Network v. State Eng'r*, 126 Nev. ___, ___, 234 P.3d 912, 918 (2010))); *see Hardy Cos. v. SNMARK, LLC*, 126 Nev. ___, ___, 245 P.3d 1149, 1153 (2010) (we review de novo the construction of statutes). "Although exemptions are to be liberally construed in favor of the debtor, the Court must not depart from the statutory language nor

extend the legislative grant." *In re Lenox*, 58 B.R. 104, 106 (Bankr. D. Nev. 1986); *see In re Christensen*, 122 Nev. 1309, 1314, 149 P.3d 40, 43 (2006) (this court "liberally and beneficially construe[s] . . . state exemption statutes in favor of the debtor").

The Nevada statutory subsections applicable here, NRS 21.090(1)(f) and (z), refer to exempt property of the judgment debtor. Nowhere in these provisions does it mention the non-debtor spouse or a dependent.[3] Given the plain language of NRS 21.090(1)(f) and (z), we conclude that a judgment debtor may claim exemptions for a single motor vehicle and up to $1,000 in personal property for herself; however, a debtor is not permitted to claim those exemptions on behalf of a non-debtor spouse. *See DeHaan*, 275 B.R. at 382.[4] Thus, in accordance with the clear and unambiguous language of NRS 21.090(1)(f) and (z), a

---

[3]Non-debtor spouses are considered dependents under the Bankruptcy Code. 11 U.S.C. § 522(a)(1) (2006).

[4]We acknowledge that the United States Bankruptcy Court for the District of Arizona reached a contrary conclusion in *In re Perez*, 302 B.R. 661, 663 (Bankr. D. Ariz. 2003) (holding that a debtor may claim that property is exempt from community debts under Arizona law by asserting not only his own, but also his spouse's exemptions because each spouse acts for the benefit of the community and thus Arizona law allows one spouse to claim the other's exemptions on her behalf).

judgment debtor in Nevada is limited to one motor vehicle exemption not to exceed $15,000 and other personal property exemptions not to exceed $1,000.

We, therefore, answer the certified question in the negative as set forth above.

_____, J.
Cherry

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Saitta